IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GARY ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 05-0129-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| GREG FISHER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Docket No. 11.) The parties have consented to a United States Magistrate Judge exercising jurisdiction in this case, in accordance with 28 U.S.C. § 636(c). (Docket No. 8.) The Court has determined that the Motion will be submitted on the briefing and the record without oral argument. *See* D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth more fully herein, Respondent's Motion will be granted and this case will be dismissed.

### I.

### BACKGROUND

On February 15, 2000, the State of Idaho charged Petitioner by Information with one count of robbery and one count of aggravated battery, based upon an incident in

**Memorandum Decision and Order - 1**

which Petitioner robbed a Kinko's store and stabbed the clerk with a knife. *State's Lodging A-2*, pp. 46-47.

As part of a plea agreement, Petitioner agreed to plead guilty to the charges in exchange for the State's agreement to recommend that the determinate portion of any sentence be no more than fifteen years, and that the sentences run concurrently, but the State was also free to recommend whatever indeterminate time that it deemed advisable.[1] *State's Lodging A-3*, pp. 13-14. After receiving the presentence investigation report, which reflected a substantial criminal history, the district court sentenced Petitioner to a unified term of forty years in prison, with fifteen years fixed, for the robbery conviction. *State's Lodging A-3*, pp. 101-02. Because Petitioner used a "deadly weapon" while committing aggravated battery, the court enhanced Petitioner's sentence for that crime under Idaho Code § 19-2520 to thirty years, with the first twenty years fixed. *State's Lodging A-3*, p. 102. Petitioner's sentences were to be served concurrently.

Petitioner appealed, arguing only that his sentences were unduly harsh and that the district court abused its discretion in denying his motion to reduce his sentences. *State's Lodging B-1*. The Idaho Court of Appeals affirmed. *State's Lodging B-3*. Petitioner thereafter sought review in the Idaho Supreme Court, incorporating the brief that was considered by the Court of Appeals. *State's Lodging B-3*. Review was denied, and the appellate court issued its Remittitur on July 2, 2001. *State's Lodging B-6*.

---

[1] The plea agreement also encompassed the disposition of charges in two other cases.

**Memorandum Decision and Order - 2**

On July 30, 2001, Petitioner filed an application for post-conviction relief, alleging that he was deprived of his constitutional rights to due process of law and to the effective assistance of counsel because the sentencing enhancement for use of a deadly weapon was unlawfully imposed. *State's Lodging C-1*, pp. 5-6. The district court summarily dismissed the application, and Petitioner appealed. *State's Lodging C-1*, p. 33.

While that appeal was pending, the State filed a motion to correct Petitioner's sentence for aggravated battery in the district court. *State's Lodging E-2*, p. 7. In its motion, the State acknowledged that Petitioner had not pled guilty or otherwise admitted the facts that supported the deadly weapon sentencing enhancement and that Petitioner's sentence for aggravated battery should be adjusted accordingly. *Id.* The district court agreed and amended the sentence to ten years fixed with no indeterminate time. *State's Lodging E-2*, pp. 8-9. Petitioner's sentence for robbery was unaffected by this change. *State's Lodging E-2*, pp. 8-9.

Petitioner's appellate counsel subsequently moved to withdraw from the post-conviction appeal, contending that the appeal had been rendered moot by the district court's reduction of the aggravated battery sentence. *State's Lodging D-2*. Counsel's request was granted, and the Idaho Court of Appeals later dismissed the appeal. *State's Lodging D-8*. Likewise, because the district court's order granting the State's motion to correct Petitioner's sentence was in Petitioner's favor, counsel also moved to dismiss the

**Memorandum Decision and Order - 3**

appeal from that decision. The Idaho Court of Appeals granted the motion, dismissed that appeal, and issued its Remittitur on September 29, 2003. *State's Lodging F-3*.

On April 4, 2005, Petitioner filed the current Petition for Writ of Habeas Corpus. Petitioner again challenges the use of the deadly weapon sentencing enhancement under a variety of theories. Respondent has now submitted a Motion for Summary Dismissal, alleging that the Petition is untimely, the case is moot, and that all of the claims are procedurally defaulted. Petitioner has filed a response to the Motion, and the matter is now ripe for a decision.

For the reasons that follow, the Court will grant Respondent's Motion. The Court concludes that the Petition was filed beyond the one-year statute of limitations, and, alternatively, that all constitutional claims in this case are procedurally defaulted without a showing of cause and prejudice.[2]

---

[2] Respondent also argues that the entire case is moot because Petitioner already received the relief he seeks when the state district court amended his sentence for aggravated battery to ten years fixed. The Court disagrees. Under a liberal construction of the pleadings, Petitioner appears to challenge his *robbery* conviction and sentence as unconstitutional.
While Petitioner does not clearly link the improper use of the sentencing enhancement on the aggravated battery charge to his conviction or sentence for robbery (and the Court sees no obvious connection), he vaguely contends that the "whole sentencing structure" was infected. *See Petition*, p. 4 ("New Claims"). He further asserts that the length of his sentence for robbery is "excessive and unconstitutional," arguably raising a claim under the Eighth Amendment. *Id.* at p. 3 (supplement to third claim). Such claims would not be moot because Petitioner has not received relief from his robbery conviction or sentence.

**Memorandum Decision and Order - 4**

## II.

## STATUTE OF LIMITATIONS

A.     Standard of Law

This case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), which includes a one-year statute of limitations for the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period ordinarily begins to run from "the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking review." 28 U.S.C. § 2244(d)(1)(A). Direct review includes the ninety days during which a party can file a petition for writ of certiorari in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period also may be equitably tolled under exceptional circumstances. For equitable tolling to be applicable, a petitioner must show that extraordinary circumstances beyond his control made it impossible to file the habeas petition on time. *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005).

**Memorandum Decision and Order - 5**

B.  Discussion

The state court judgment in this case became final for purposes of AEDPA's statute of limitations on September 30, 2001, ninety days after the Idaho Supreme Court issued its Remittitur at the conclusion of direct review. By that time Petitioner had already filed an application for post-conviction relief, which tolled the limitations period until Petitioner's appeal from the district court's ruling on the State's motion to correct sentence was dismissed, and the Remittitur issued, on September 29, 2003. Petitioner then had one year in which to file his federal Petition, yet he waited until April 4, 2005, over six months after the limitations period had expired. Therefore, absent equitable tolling, the Petition is untimely.

Petitioner argues that the limitations period should be equitably tolled because his appellate counsel never sent copies of court documents, including transcripts, to him. The Ninth Circuit Court of Appeals has held that a prisoner's inability to access transcripts or his legal file can, under certain circumstances, serve as a basis for equitable tolling, *see, e.g., United States v. Battles*, 362 F.3d 1195, 1197-98 (9th Cir. 2004), but a habeas petitioner bears the burden of proving that he is entitled to equitable tolling, and Petitioner's claim here is extremely vague. Petitioner has not indicated precisely when he requested legal materials from his appellate attorney, what materials he does not have, and how the purported absence of those materials made it impossible for him to file his Petition on time despite a diligent attempt to do so. *See Spitsyn v. Moore*, 345 F.3d 796,

**Memorandum Decision and Order - 6**

799 (9th Cir. 2003) (extraordinary circumstances must be the cause of the untimely filing). Thus, the Court concludes that Petitioner has not met the minimal burden that would trigger the need for additional factfinding on the equitable tolling issue and that the Petition is therefore untimely. In any event, this case need not be prolonged because the Court alternatively concludes that Petitioner's claims are procedurally defaulted.

## III.

## EXHAUSTION AND PROCEDURAL DEFAULT

A.     <u>Standard of Law</u>

A habeas petitioner must have first exhausted his state court remedies before a federal court can grant relief on a constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a federal constitutional claim properly, a petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In Idaho, this means that a constitutional claim must have been presented at least in a petition for review in the Idaho Supreme Court.

The mere similarity between a state law claim and a federal claim does not constitute proper exhaustion of the federal claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Instead, the petitioner must ordinarily cite the constitutional provision that supports his claim, federal cases that apply the constitutional rule, or state court cases that

**Memorandum Decision and Order - 7**

clearly analyze the federal claim.  *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

A habeas petitioner's failure to raise a constitutional claim in state court will result in a procedural default if the petitioner would now be barred from raising the claim under the state's procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161 (1996).  A procedurally defaulted claim will not be considered unless the petitioner can establish cause for the default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

     B.    <u>Discussion</u>

Petitioner has never raised any federal constitutional claims in the Idaho Supreme Court.  Although he sought review in that court during his direct appeal, Petitioner relied solely upon state law to argue that his sentences were excessive and that the district court abused its discretion in denying his motion to reduce those sentences.  *State's Lodgings B-1, B-4*.  In particular, Petitioner did not allege that his convictions or sentences violated any constitutional provisions.  *Id*.  Similarly, while Petitioner may have raised constitutional issues during the appeal from the denial of his application for post-conviction relief, that appeal was dismissed by the Idaho Court of Appeals as moot after Petitioner's sentence for aggravated battery was reduced in the district court, and Petitioner did not seek review in the Idaho Supreme Court.  *State's Lodging D-8*.

**Memorandum Decision and Order - 8**

Petitioner's failure to present any constitutional claims in the highest state court means that his claims were not properly exhausted and are procedurally defaulted.

Petitioner has not come forward with a valid reason to excuse the default, and the Court has reviewed the record and has found none.[3]  Petitioner does not contend that he is actually innocent, and the exception for a fundamental miscarriage of justice is not applicable to this case.  *See Schlup v. Delo*, 513 U.S. 298 (1995).

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 11) is GRANTED.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.



DATED:  **January 18, 2006**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

---

[3]  Any argument that counsel was ineffective in forfeiting a constitutional claim during the direct appeal fails because Petitioner has not properly exhausted an ineffective assistance of counsel claim on that basis.  *Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000).  Furthermore, Petitioner cannot rely upon an argument that post-conviction counsel was ineffective because Petitioner did not have a constitutional right to post-conviction counsel in the first instance.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**Memorandum Decision and Order - 9**